**THE UNITED STATES DISTRICT COURT FOR**
**THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| AXIOM STRATEGIES, LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-00659-DGK |
| | ) | |
| ZURICH AMERICAN INSURANCE COMPANY, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION TO DISMISS COUNTERCLAIMS

This is an insurance coverage dispute. In the underlying lawsuit, non-party Community Schools Initiative ("CSI") sued Plaintiff Vanguard Field Strategies, LLC ("Vanguard"), in the District of Nevada, bringing various business-related claims arising out of a signature-gathering campaign that CSI hired Vanguard to perform. *See* Complaint, *Community Schools Initiative v. Vanguard Field Strategies, LLC, et al.*, ECF No. 25-2. Plaintiffs Axiom Strategies, LLC ("Axiom"), Garrison Management Group, LLC ("Garrison"), and Vanguard (collectively, "Plaintiffs")[1] allege Defendant Evanston Insurance Company ("Evanston") owes and has failed to provide coverage for the underlying suit. Am. Compl., ECF No. 23. Evanston has filed counterclaims with its answer. ECF No. 25.

Now before the Court is Plaintiffs' partial motion to dismiss some of Evanston's counterclaims for failure to state a claim, Fed. R. Civ. P. 12(b)(6). ECF No. 30. For the reasons given below, the motion is DENIED.

[1] Defendant Garrison Management Group, LLC, converted to Garrison Management Group, Inc., a Texas corporation. At all times relevant to this action, Garrison was the sole owner of Plaintiffs Axiom and Vanguard.

**Background**

Plaintiffs purchased an insurance policy (the "Policy") from Evanston with a coverage period from August 7, 2022, to August 7, 2023. The Policy included a "Professional Liability coverage part." *See* ECF No. 23-2 at 14–29. The Policy describes the "professional services" it covers as "Direct Mailing Including Campaign, Public Affairs." *Id.* at 11. Under the Policy, Evanston was to pay damages and claim expenses Plaintiffs incurred by reason of a "wrongful act" or a "personal injury" during their performance of the professional services identified in the Policy.

CSI hired Vanguard to gather signatures as part of a ballot initiative in Nevada in 2022. Vanguard contracted to deliver 20,833 signatures with a 70% validity rate at a cost of $12 per signature. ECF No. 25-2 at 27. Under the contract, CSI had the option of extending Vanguard's signature gathering, at the same rate, beyond this initial commitment. CSI did so. Throughout the signature-gathering process, Vanguard allegedly told CSI that the signatures it was gathering had a validity rate of 80%. All told, Vanguard delivered 233,173 to the Nevada Secretary of State on behalf of CSI, and CSI paid Vanguard over $2,200,000. But the Secretary of State determined that the signatures had an average validity rate of only 53.2%, and the ballot initiative failed. CSI sued Vanguard for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, fraudulent inducement, fraudulent misrepresentation/fraud, negligent misrepresentation, and Nevada statutory deceptive trade practices.

Plaintiffs allege they promptly notified Evanston of CSI's suit, which, Plaintiffs claim, is subject to the Policy, but Evanston has failed to provide a coverage position or coverage for the CSI suit. Plaintiffs seek a declaratory judgment of Evanston's duty to defend (Count II) and bring claims for breach of contract (Count IV), common law bad faith (Count V), vexatious refusal to pay under Mo. Rev. Stat. §§ 375.296 and 375.420 (Count VI), and unfair or deceptive acts and

practices under Tex. Ins. Code §§ 541.001 *et seq.* and 542.003 (Count VII).[2]

Evanston filed several counterclaims with its answer for declaratory judgment of "no insured status" as to Plaintiffs (Counterclaim I), "no wrongful act or personal injury" (Counterclaim II), "no professional services" (Counterclaim III), and for declaratory judgment as to the "trade practices and antitrust policy" exclusion (Counterclaim IV), the "not licensed as required by law" policy exclusion (Counterclaim V), the "warranties or guarantees" policy exclusion (Counterclaim VI), the "fraudulent or dishonest acts" policy exclusion (Counterclaim VII), the "other insurance policy" condition (Counterclaim VIII), the "claim expenses and damages" policy definitions (Counterclaim IX), and the "assistance and cooperation of the insured" policy condition. ECF No. 25 at 49–58.

Plaintiffs seek dismissal of Counterclaims II, III, IV, V, and VI for failure to state a claim under Rule 12(b)(6).

**Discussion**

Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing the pleader is entitled to relief." A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, a court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to" the non-moving party. *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

At this stage of the litigation, the only issue before the Court is whether Evanston's counterclaims allege sufficient facts to support a declaratory judgment action that has facial plausibility. *See Allied World Specialty Ins. Co. v. City of Ferguson, Missouri*, No. 4:18-CV-827

[2] Counts I and III, alleged against Zurich American Insurance Company, were dismissed with prejudice. ECF No. 39.

RLW, 2019 WL 1118137, at *3 (E.D. Mo. Mar. 11, 2019); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (requiring "only enough facts to state a claim to relief that is plausible on its face" to avoid dismissal). Accepting Evanston's allegations as true, Plaintiffs have not shown that Counterclaims II, III, IV, V, and VI are insufficiently pled. *See id.* Plaintiffs' partial motion to dismiss asks for a determination that goes well beyond Rule 12(b)(6), which simply looks to whether claims are plausible. Evanston's counterclaims clear that bar. They make factual assertions that, if true, show Evanston is entitled to relief. This ruling does not suggest that Evanston's counterclaims have merit or that Plaintiffs may not ultimately prevail on a more developed record. But a dismissal at this stage would be improper.

## Conclusion

Accordingly, Plaintiffs' partial motion to dismiss Evanston's Counterclaims II, III, IV, V, and VI, ECF No. 30, is DENIED.

**IT IS SO ORDERED.**

Date: November 19, 2026

/s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT